IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC. § § § § | |
| VS. § § | CIV. ACT. NO. 1:21-cv-126 |
| ALEXANDRO MEDINA AND EXPRESS SERVICES, INC. DBA EXPRESS EMPLOYMENT PROFESSIONALS § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC., files its Original Complaint, complaining of Defendants ALEXANDRO MEDINA and EXPRESS SERVICES, INC. DBA EXPRESS EMPLOYMENT PROFESSIONALS (collectively referred to as "Defendants").

### I.  PARTIES

1.1    Plaintiff, AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC. ("Plaintiff" or "AHAC"), is a foreign insurance company engaging in the insurance business in the State of Texas.

1.2    Defendant, ALEXANDRO MEDINA ("Medina"), is an individual residing in Texas.

1.3    Defendant, EXPRESS SERVICES, INC. DBA EXPRESS EMPLOYMENT PROFESSIONALS ("ESI"), is foreign corporation doing business in Texas, which may be served with citation and process on its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000.  In particular:

a.     AHAC is a New York corporation, with its principal place of business in New York.  AHAC is a citizen of New York.

b.     Medina is an individual residing in Texas.  Medina is a citizen of Texas.

c.     ESI is an Oklahoma corporation, with its principal place of business in Oklahoma. ESI is a citizen of Oklahoma.

## III. VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

## IV. FACTS

4.1     On or about July 8, 2020, Medina was driving a Komatsu HD605-8 rigid mining haul truck owned by CRH at the Marble Falls Quarry, Burnet, Burnet County, Texas.  Around 6:45 a.m., about two hours after his shift had begun, he fell asleep while driving the truck, and collided with two railroad cars.  He admitted after the accident in a written report that he started to feel tired about thirty minutes prior to the accident, but thought his tiredness "would go ahead by the time the sun came fully out", and continued driving the truck in his impaired condition. At the time of the accident, Medina was in the course and scope of his employment with ESI.

## V. CAUSE OF ACTION - NEGLIGENCE

5.1     The accident was proximately caused by the negligence of Medina in his operation of the truck, by falling asleep while driving the truck, by driving in an impaired condition, and/or in

failing to maintain control of the truck and avoid colliding with a stationary object.  This negligent conduct was not that of an ordinarily prudent operator, and breached his duties to CRH to avoid damaging the truck.  As Medina was in the course and scope of his employment with ESI at the time of the accident, ESI is vicariously liable for the negligence of Medina under the doctrine of *respondeat superior*.

## VI.  DAMAGES

6.1	As a result of the incident, CRH suffered actual damages of at least $795,977.42.

## VII. FOR THE COURT ONLY

7.1	At all times material, CRH covered by a policy of insurance with Plaintiff.  Pursuant to the terms of the policy, after application of a deductible, Plaintiff has been called upon to make payments to and/or upon behalf of CRH.  Plaintiff is contractually and equitably subrogated to any claim which CRH may have against any third-party as the result of the third-party's legal liability.  Accordingly, Plaintiff has become subrogated to CRH's claims and damages against Defendant, and is entitled to recover from the Defendant the full amount of damages caused by the Defendant, including CRH's deductible.

WHEREFORE, AHAC prays that that on final trial or hearing, that AHAC have judgment against Defendants and that AHAC recover actual damages as pleaded above, plus prejudgment and post-judgment interest at the applicable rate provided by law, costs of Court, attorney's fees, and such other and further relief to which AHAC may be justly entitled.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.

*/s/ Loren R. Smith*

Loren R. Smith
State Bar No. 18643800
4305 Yoakum Boulevard
Houston, Texas 77006
(713) 861-9900
Facsimile:  (713) 861-7100
smith@kellysmithpc.com
ATTORNEYS FOR PLAINTIFF AMERICAN
HOME ASSURANCE COMPANY