UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br>　　　*Plaintiff*<br><br>v.<br><br>ALEXANDRO MEDINA and EXPRESS SERVICES, INC.,<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Case No. 1:21-CV-00126-LY-SH |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:　THE HONORABLE LEE YEAKEL
　　　UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Express Services, Inc. DBA Express Employment Professionals' Motion for Leave to Designate Responsible Third Parties and Memorandum in Support Thereof, filed January 3, 2022 (Dkt. 18); Defendant Alexandro Medina's Motion for Leave to Designate Responsible Third Party, filed January 11, 2022 (Dkt. 20); and Plaintiff American Home Assurance Company's Response to each brief. The District Court referred all pending and future nondispositive and dispositive motions in this case to the undersigned Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 23.

**I.　Background**

Plaintiff American Home Assurance Company ("AHAC"), as subrogee of CRH Americas, Inc. ("CRH"), filed this negligence action on February 5, 2021 against Defendants Alexandro Medina and Express Services, Inc. ("Express"). Dkt. 1. Plaintiff alleges that on or about July 8, 2020,

1

Medina was working for Express driving a mining haul truck owned by CRH when he fell asleep and collided with two railroad cars at the Marble Falls Quarry in Burnet, Texas. Dkt. 1 ¶ 4.1. Plaintiff alleges that Medina was negligent and Express is vicariously liable under the doctrine of *respondeat superior*. *Id.* ¶ 5.1. Plaintiff, as CRH's insurer, seeks to recover actual damages suffered by CRH of at least $795,977.42, as well as interest, attorney's fees, and costs. *Id.* ¶¶ 6.1, 7.1.

On September 8, 2021, the District Court entered a Scheduling Order setting a dispositive motion deadline of August 29, 2022, and trial in the month of January 2023. Dkt. 16 ¶¶ 7, 8.

Defendants now move the Court to designate four responsible third parties: Oldcastle Services, Inc. ("Oldcastle"); Texas Materials Group, Inc. f/k/a APAC-Texas, Inc. d/b/a APAC-Texas ("APAC-Texas"); Texas Materials Group Product Assets Company, LLC f/k/a Oldcastle Materials Texas Productions Assets Company, LLC ("Production Assets"); and CRH. Dkts. 18, 20. Express, a staffing agency, asserts that at the time of the accident, Medina "was a borrowed employee of CRH affiliates APAC-Texas and Oldcastle working at the APAC-Texas quarry," and that CRH and Production Assets owned the dump truck. Dkt. 18 at 1-2; *see also* Dkt. 20 at 4-5 (contending that actions and omissions by Oldcastle, APAC-Texas, Production Assets, and CRH proximately caused or contributed to Plaintiff's claimed damages). AHAC does not oppose the motions.

## II.   Analysis

Section 33.004(a) of the Texas Civil Practice and Remedies Code allows a defendant sued in tort to designate an entity or individual who is not a party to the suit but who the defendant contends is at least partially responsible for the plaintiff's injury. When a responsible third party is designated, the designation enables the defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Withers v. Schneider Nat'l Carriers, Inc.*, 13

F. Supp. 3d 686, 688 (E.D. Tex. 2014). If the responsible third party is allocated a percentage of responsibility by the jury, this allocation does not impose any liability, as the responsible third party is designated but not formally joined in the case. *Id.*; TEX. CIV. PRAC. & REM. CODE §§ 33.003(a), 33.004(i). The defendant's liability, however, is reduced by the percentage of responsibility attributed to the third party. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002, 33.004.

In order to designate a person as a responsible third party, a defendant must file "a motion for leave to designate that person as a responsible third party . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." § 33.004(a). District courts in the Western District of Texas require motions to designate responsible third parties to be filed by the dispositive motion deadline in the Rule 16(b) scheduling order. *Aguilar v. Pick Five Imps., Inc.*, SA-21-CV-01048-XR, 2022 WL 1570627, at *2 (W.D. Tex. May 17, 2022); *Al-Khawaldeh v. Tackett*, No. 1:20-CV-1079-RP, 2021 WL 5986053, at *4 (W.D. Tex. Dec. 16, 2021), *R. & R. adopted,* Dkt. 105 (Jan. 20, 2022); *Fira v. Chesapeake Operating, L.L.C.*, SA-19-CV-0040-OLG, 2020 WL 7629074, at *2 (W.D. Tex. June 5, 2020).

As stated, the dispositive motion deadline in this case is August 29, 2022, with trial in January 2023. Accordingly, the Court finds that Defendants' motions to designate were timely filed.

Moreover, in its response to each motion, Plaintiff AHAC states that "TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1) has a minimal pleading threshold to be entitled to the relief requested, and AHAC concedes that [Defendants'] pleading is sufficient. As such, AHAC has no opposition to this Court's entry of the proposed order" submitted by Defendants with each motion to designate. Dkt. 21 at 1; Dkt. 22 at 1-2. The Court finds that Defendants have pled "sufficient facts concerning the alleged responsibility" of each of the four named entities to satisfy the § 33.004(g)(1) pleading standard, and that designating each as a responsible third party is warranted.

## III.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Express Services, Inc. DBA Express Employment Professionals' Motion for Leave to Designate Responsible Third Parties (Dkt. 18) and Defendant Alexandro Medina's Motion for Leave to Designate Responsible Third Party (Dkt. 20).

## IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on June 6, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE